United States District Court
Southern District of Texas
**ENTERED**
June 16, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN ADDINGTON, <br> (TDCJ # 02188795) <br><br> Petitioner, <br><br> vs. <br><br> BOBBY LUMPKIN, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-23-86 |

**MEMORANDUM OPINION AND ORDER**

Petitioner Brian Addington, (TDCJ #02188795), is a state inmate in the custody of the Texas Department of Criminal Justice. Representing himself, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his Harris County judgment and sentence for one count of indecency with a child. (Docket Entry No. 1). The respondent answered the petition with a motion to dismiss, supported by copies of the state-court records. (Docket Entry Nos. 10, 11). Addington filed a timely response. (Docket Entry No. 12). After considering Addington's petition, the motion and response, and all matters of record, the court dismisses the petition as untimely filed. The reasons are explained below.

**I.      Background**

On February 26, 2018, the 338th District Court sentenced Addington to twenty years in prison after a jury found him guilty of indecency with a child in Harris County Cause No. 1510917. (Docket Entry No. 11-6, p. 136-39). The Fourteenth Court of Appeals affirmed Addington's conviction and sentence on February 11, 2020. *See Addington v. State*, No. 14-18-00178-CR, 2020 WL 634427 (Tex. App.—Houston [14th Dist.] Feb. 11, 2020, no pet.) (mem. op., not designated

for publication). Addington did not seek discretionary review in the Texas Court of Criminal Appeals.

On July 7, 2021, Addington filed an application for a state writ of habeas corpus, raising one claim of ineffective assistance of counsel with two subclaims. (Docket Entry No. 11-15, pp. 5-20). The state habeas trial court made findings of fact and conclusions of law. (*Id.* at 114-16). On November 3, 2021, the Court of Criminal Appeals denied Addington's application without written order on findings of the trial court without a hearing and on the court's independent review of the record. *In re Addington*, Writ No. 92,993-01 (Tex. Crim. App. Nov. 3, 2021). (Docket Entry No. 11-14).

On January 3, 2023, Addington filed his petition for a federal writ of habeas corpus, alleging three claims of ineffective assistance of counsel, one due process claim, and one speedy trial claim. (Docket Entry No. 1, pp. 5-11). In responding to the question about the timeliness of his petition, Addington alleges that he was denied access to the Stringfellow Unit law library for over a year due to COVID-19 pandemic lockdowns. (*Id.* at 13-14). He also alleges that the Court of Criminal Appeals never notified him that his state application had been denied. (*Id.* at 14). Addington asks this court to find his petition timely filed, consider it on the merits, vacate his conviction and sentence, and remand for a new trial. (*Id.* at 15).

The respondent answered the petition with a motion to dismiss, asserting that Addington's petition was not timely filed and that he was not entitled to equitable tolling based on the intermittent law library closures made necessary by the COVID-19 pandemic. (Docket Entry No. 10). Addington responded to the motion, alleging that the lockdowns that closed the Stringfellow Unit law library were not intermittent, but instead lasted all of 2020 and into 2021. (Docket Entry No. 12, p. 2). He alleges that this prevented him from learning about his constitutional rights and

2

preparing his state habeas application until after the federal limitations period had ended. (*Id.* at 2-3). He also alleges again that the Court of Criminal Appeals never notified him that his state habeas application had been denied. (*Id.* at 3). Addington asks for equitable tolling "from the time he found out about the court's decision on his state habeas corpus," (*Id.* at 4), but he does not allege any facts to establish the date he allegedly learned of the decision.

## II. Discussion

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996), which controls a district court's review of a federal habeas petition, contains a one-year limitations period which runs from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is an affirmative defense, *see Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), which the respondent raised in his motion to dismiss.

Addington's time to file a federal habeas petition began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The pleadings and matters of record show that Addington's

3

judgment became final for purposes of federal habeas review on March 12, 2020, when his time to seek further review of his conviction in the state courts expired. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (when a defendant stops the appeal process before entry of a judgment by the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires"); *see also* Tex. R. App. P. 68.2(a) (a petition for discretionary review must be filed within 30 days after the date the court of appeals' judgment was rendered). The deadline for Addington to file a timely federal habeas petition challenging those judgments was one year later, on March 12, 2021. Addington's current federal petition, filed in January 2023, is time-barred unless he shows that a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending extends the limitations period. *See Artuz v. Bennett,* 531 U.S. 4, 5 (2000). But a state habeas application filed after the federal limitations period has expired will not extend the already expired limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Addington's application for a state writ of habeas corpus was filed in July 2021, almost four months after the federal limitations period ended. This application did not extend the expired limitations period. Addington's petition is time-barred unless another statutory exception applies.

Construed liberally, Addington's petition alleges that the COVID-19 law library closures at the Stringfellow Unit violated his constitutional right of access to the courts and that this unconstitutional state action prevented him from filing his federal petition before the limitations period expired. (Docket Entry Nos. 1, p. 13; 12, p. 2-3). He contends that this should result in the limitations period starting only when that allegedly unconstitutional action ended in 2021. *See* 28 U.S.C. § 2244(d)(1)(B).

4

Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *See Bounds v. Smith,* 430 U.S. 817, 828 (1977). But "[t]he right of access to the court 'does not afford prisoners unlimited access to prison law libraries.'" *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (quoting *McDonald v. Steward,* 132 F.3d 225, 230 (5th Cir. 1998)). Instead, "[l]imitations may be placed on library access 'so long as the regulations are reasonably related to legitimate penological interests.'" *Id.*; *see also Lewis v. Casey,* 518 U.S. 343, 361 (1996); *Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

Addington admits that the prison lockdowns that allegedly interfered with his constitutional right of access to the courts resulted from TDCJ's efforts to reduce or eliminate the spread of the COVID-19 virus. (Docket Entry No. 12, pp 1-3). Based on these allegations, it is apparent that the regulations were reasonably related to the legitimate penological interest of protecting inmates from the COVID-19 virus. As a result, TDCJ's regulations limiting or prohibiting law library access during the height of the COVID-19 pandemic did not violate the constitutional right of access to the courts. Because no unconstitutional state action occurred, no unconstitutional state action prevented Addington from filing his federal petition, and he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B). His petition is time-barred unless another statutory exception applies.

But the pleadings do not disclose any other basis for statutory tolling. Addington has not alleged facts to show that his claims are based on a newly recognized constitutional right. *See* 28 U.S.C. § 2244(d)(1)(C). And he has not alleged facts to show that the factual basis for his claims could not have been timely discovered if he had acted with due diligence. *See* 28 U.S.C.

5

§ 2244(d)(1)(D). His petition is time-barred unless another exception to the limitations period applies.

### B. Equitable Tolling

In his petition and response to the respondent's motion, Addington requests that the court equitably toll the limitations period, either because of the restrictions on his law library access or because he was never notified of the Court of Criminal Appeals' decision on his state habeas application. (Docket Entry No. 12, pp. 2-3).

Equitable tolling is an extraordinary remedy that applies only "when strict application of the statute of limitations would be inequitable." *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam)); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (equitable tolling applies, at the district court's discretion, only "in rare and exceptional circumstances"). A "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The failure to meet the statute of limitations "must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d at 875. Thus, a "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002). Neither does an unawareness of the law, lack of knowledge of filing deadlines, *pro se* status, or lack of legal training. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (citing cases). The habeas petitioner has the burden of establishing that equitable tolling is warranted. *See Holland*, 560 U.S. at 649; *Hardy v. Quarterman,* 577 F.3d 596, 598 (5th Cir. 2009) (per curiam).

6

Addington's allegations fail to show that his delay in filing his federal petition resulted from any external extraordinary circumstance. This court and others have held that limited law library access resulting from TDCJ's response to the COVID-19 pandemic does not, without more, constitute an "extraordinary circumstance" warranting equitable tolling. *See, e.g., United States v. Clay*, No. 2:20-236, 2021 WL 2018996 (S.D. Tex. May 18, 2021); *Cruz v. Lumpkin*, No. 4:21-CV-610-P, 2021 WL 3710568, at * 2-3 (N.D. Tex. Aug. 18, 2021) (holding that intermittent lockdowns, limited access to the prison law library, and an inability to obtain legal assistance because of COVID-19 pandemic procedures did not prevent petitioner from filing a federal habeas petition and are not grounds for equitable tolling); *Ramos v. Lumpkin*, Civil No. SA-20-CA-01448-FB, 2021 WL 3410314, at *3 (W.D. Tex. Aug. 4, 2021) (same); *see also Tate v. Parker,* 439 F. App'x 375, 376 (5th Cir. 2011) (per curiam) (holding that temporary denials of access to the law library are not an extraordinary circumstance warranting equitable tolling). And while Addington contends that he was never notified of the Court of Criminal Appeals' decision, publicly available records show that the Court of Criminal Appeals timely mailed its decision to Addington's proper address, and there is no record of the mail being returned. *See* Court of Criminal Appeals Case Search, available at www.txcourts.gov (last visited June 5, 2023). Addington's allegations do not show that an extraordinary circumstance occurred in his case.

But even if one or both of the circumstances Addington identifies could be considered extraordinary, he does not allege facts showing that he diligently pursued his rights. "What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019). The record shows that Addington waited fourteen months after the Court of Criminal Appeals denied his state application before filing his federal habeas petition. Addington alleges

7

that this was due to the lack of notice from the Court of Criminal Appeals. But the Court of Criminal Appeals' records show that notice was timely mailed to Addington's proper address, and it was never returned. Addington does not explain why he failed to follow up with the state habeas court for over a year after filing his application. Nor does he state when he actually learned of the state habeas court's decision. Equitable tolling is not intended to benefit those who sleep on their rights, *see Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012), and this long period of unexplained inactivity indicates a lack of due diligence.

Because Addington has not shown that he diligently pursued his federal habeas rights, he is not entitled to equitable tolling of the limitations period. His petition is untimely and is dismissed, with prejudice.

    **C.**     **Exhaustion**

Even if this court were to conclude that Addington's petition was timely filed, the court would dismiss his petition because he has not exhausted his state remedies.

"[A]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." *Henry v. Cockrell*, 327 F.3d 429, 432 (5th Cir. 2003) (quoting *Orman v. Cain,* 228 F.3d 616, 619-20 (5th Cir. 2000)); *see also* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ."). Exhaustion requires the habeas petitioner to fairly present "the substance of his claim to the state courts" so that the state courts have the "initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 491 (5th Cir. 2006) (citations omitted). Exceptions exist only when there is no available State corrective process

8

or when that state process is ineffective to protect the petitioner's rights in his particular circumstances. *See* 28 U.S.C. § 2254(b)(1)(B).

In Texas, a criminal defendant may challenge a conviction and sentence by (1) filing a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) filing a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c). "Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings." *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004). A federal habeas petitioner has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Review of Addington's state-court proceedings and his federal habeas petition show that he did not attempt to present the substance of all of his federal claims through a complete cycle of either direct appeal or collateral proceedings before filing his federal petition. In his direct appeal, Addington raised two claims: (1) the trial court erred by overruling Addington's objections to testimony from his sister about the complainant's credibility, and (2) the trial court erred by allowing the complainant's mother to testify as to her opinion on punishment. (Docket Entry No. 11-4, p. 4). The appellate court denied relief on these claims, *see Addington v. State*, 2020 WL 634427 at *3-5, but Addington did not seek discretionary review of that decision in the Texas Court of Criminal Appeals. While Addington raises these claims again in his federal petition, because he did not seek discretionary review of the Court of Appeals' decision in the Court of Criminal Appeals, he has not exhausted his state remedies as to these claims. *See Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985) ("[A] Texas inmate seeking federal habeas relief

9

who, in directly appealing his state criminal conviction, has by-passed the Texas Court of Criminal Appeals will not be deemed to have exhausted his state remedies.").

In his state habeas application, Addington raised two claims: (1) trial counsel provided ineffective assistance during the punishment phase closing arguments by arguing that he did not understand why Addington did not plead guilty, and (2) trial counsel provided ineffective assistance during the punishment phase closing arguments by arguing that pedophilia was a sickness that could not be cured but only controlled. (Docket Entry No. 18-15, pp. 10-12). Construed liberally, Addington's federal petition raises these two claims. (Docket Entry No. 1, pp. 10-11). Because these two claims were presented to the Court of Criminal Appeals in Addington's habeas proceedings, he has exhausted his state remedies as to these claims.

But Addington also raises three claims in his federal petition that were not raised in either his state direct appeal or his state habeas application: (1) his speedy trial rights were violated when his trial was delayed by over twenty months; (2) he was denied effective assistance of counsel when trial counsel failed to object when the prosecutor elicited testimony from Addington's sister about why she believed the charge against him; and (3) he was denied effective assistance of counsel when counsel failed to read an entire letter and play entire phone calls to place Addington's inculpatory statements in context. (*Id.* at 5-11). These claims, raised neither on direct appeal nor in Addington's state habeas application, have not been exhausted. *See Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995) ("The exhaustion of state remedies can be accomplished either directly or collaterally."). And the "exhaustion rule requires the dismissal of any habeas petition that contains claims not yet raised in available state court proceedings, even if such claims are mixed with exhausted ones." *Id.* (citing *Rose v. Lundy,* 455 U.S. 509, 513-19 (1982)).

Because Addington's federal petition contains both exhausted and unexhausted claims, he is not entitled to federal habeas relief at this time. Even if this court were to find that Addington's petition was timely, the court would dismiss it for lack of exhaustion.

### III.     Certificate of Appealability

Addington has not requested a certificate of appealability, but Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

11

After carefully considering the record, the court concludes that jurists of reason would conclude without debate that the procedural rulings in this case are correct. There are no grounds to issue a certificate of appealability.

## IV.     Conclusion

The respondent's motion to dismiss, (Docket Entry No. 10), is granted. Addington's petition for a writ of habeas corpus, (Docket Entry No. 1), is dismissed with prejudice as barred by limitations. All other pending motions, including Addington's motion to vacate the state-court judgment, (Docket Entry No. 2), are denied as moot. A certificate of appealability is denied. Final judgment is separately entered.

SIGNED on June 15, 2023, at Houston, Texas.

Lee H. Rosenthal
United States District Judge